Spear, J.
In its findings the circuit court found that the allegations of the petition respecting the suit and judgment before the justice and the filing of a transcript thereof with the clerk of the common pleas court, and the issue and levy of the execution on lot 577, were substantially true as stated. Also that the allegations of the answer respecting the origin, character and amount of the debt of Lucy Rogers to the Building Company, and the origin, character and amount of the debt of Lucy Rogers to the Brewing Company, and with respect to the notes and mortgages given the respective companies, and the filing and recording of said mortgages, and also with respect to the-proceedings in foreclosure brought by the Brewing Company, and the disposition of the money arising from the sale of lot 577, were also true. Also that Gladieux (defendant in error) was not a party to the above described foreclosure suit. It was further found, as shown by the transcript of the justice’s' docket, that the bill of particulars was filed June 15, 1896, summons returnable June 18, 9 a. m. ; that the parties defendant were described in the bill as “Wm. Rogers and Mrs. Win. Rogers, whose first name is unknown;” that the summons was returned June 16, showing service on the defendants by copy left at usual place of residence; they being absent, that June 18 at 9 a. m. the cause was continued to June 25, at 9 a. m. “by agreement;” that June 25, 9 a. m. the cause was continued to July 2d, 9 a. m. “by agreement;” that *247 July 2d, 9 a. m. the plaintiff and defendant, Wm. Rogers, appeared, and Wm. Rogers then confessed that he was .indebted to plaintiff in the sum claimed and asked that judgment be entered against him, but the defendant, Mrs. Wm. Rogers, whose first name is unknown, did not appear, nor for one hour thereafter; trial was then had. George Gladieux was sworn and examined on plaintiff’s behalf, .and upon consideration the justice found for the plaintiff, and rendered this judgment, viz.: “It is thereupon considered by me this second day of July, 1896, that the plaintiff have and recover of the defendant, Mrs. Wm. Rogers, whose first name is unknown, the sum of $150.25 and costs herein taxed at $5.60. ’ ’
It is apparent from these findings that the initial question to be determined is with respect to the legal validity of this judgment as a judgment against Lucy Rogers. Coming to the direct question, did the justice of the peace acquire jurisdiction over Lucy Rogers? She was sued as Mrs. Wm. Rogers whose first name is unknown, and the judgment was rendered with the same designation. Was it her name in law? The meaning of the word, name, is given as the distinctive appellation by which a person or thing is designated or known; or, as better given by another lexicographer, that by which an individual person or thing is designated and distinguished from others. The law recognizes one Christian name or given name and one family surname. Bouvier’s Law Diet., 467; 21 Am. & Eng. Ency. Law, 306. At marriage the wife takes the husband’s surname, and, to distinguish her from the husband, is called Mrs. or Mistress, not as a name but as a mere title; but otherwise her name is not changed. This person’s real and legal name, therefore, was Mrs. Lucy Rog *248 ers, and not Mrs. Wm. Rogers. True, the allegation is that she was then usually known in the community as Mrs. Wm. Rogers, hut the hill of particulars, the docket entries and the judgment itself all show that her real name was unknown to the plaintiff in the action before the justice and to the justice himself, for, since the first name was part of the actual name, and since they did not know that first name while stating that she had a first name, they did not know her name. She was, therefore, in the class of defendants whose real name is unknown, being sued by a name which was in effect fictitious. What, then, follows from this situation? Section 6475, Revised Statutes, provides that the summons “must contain the name or names of a defendant or defendants, if known; if unknown a description of him or them, and command the officer * * * to summon the defendant or defendants to appear before the justice,” etc. The summons does not appear in the record, but it could not have contained ' the name of the defendant, Lucy Rogers, for that was not known, and the attempted description (Mrs. Wm. Rogers), is at most exceedingly meagre. But passing that, what sort of service was necessary? Section 5118, Revised Statutes, (made applicable to this case by force of section 6705) provides that “when the plaintiff is ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name and description, and when the true name is discovered the pleading or proceeding may be amended accordingly; and the plaintiff, in such case, must state, in the verification of his petition, that he could not discover the true name, and the summons must contain the words ‘real ■ name *249 unknown,’ and a copy thereof must be served personally upon the defendant.” The constable’s return shows service of the summons by leaving copy “at the defendants’ usual place of residence, they being absent.” There was, therefore, as it seems to us, no service such as is required by statute upon the defendant against whom judgment was rendered and unless this defect was cured it is. fatal to the validity of the judgment.
But it is claimed by defendant in error that this fault, if fault it was, was cured by the appearance of the defendant. Does the record show that there was such appearance? It shows by the transcript that there were two continuances “by agreement.” It is shown, also, that the defendant Wm. Rogers appeared in person; no such entry is made as to Mrs. Wm. Rogers. We are asked to draw the inference that, because the cause was continued “by agreement” Mrs. Rogers must have been present in court. Perhaps this might reasonably follow in support of a judgment of a court of general jurisdiction, but a justice’s court is not "such a court. The facts upon which its jurisdiction depends must be shown affirmatively. Robbins v. Clemmens, 41 Ohio St., 285. What is required with respect to entries, in a justice’s docket is prescribed by section 594, Revised Statutes. Among other things it must show which of the parties, if either, appears at the trial; also must show every adjournment, stating on whose application, whether on oath or consent, and to what day. The transcript fails to show affirmatively that Mrs. Wm. Rogers, first name unknown, appeared at any time, and is entirely consistent with the supposition that of the defendants Wm. Rogers only appeared, and that he only was a party to the *250 agreements to continue. She did not appear at the time of trial as the transcript affirmatively shows. We think the conclusion inevitable that the justice did not acquire jurisdiction of the person of Lucy Rogers, and if this be so the conclusion also follows that the judgment has no legal validity.
Attention is called to the finding of the circuit court to the effect that the Brewing Company learned of the claim of Grladieux, and of the filing of his transcript in the clerk’s office, at a time when only $115.00 of the $900.00 agreed to be loaned, had in fact been turned over to Lucy Rogers, and the claim is made that the Brewing Company should at most be protected to the extent only of said amount of $115.00. But the party at that time had taken its note and mortgage, the latter being filed and of record, and was obligated by its contract to complete the agreement, and it is not perceived how, in the absence of misrepresentation or fraud on the part of the borrower (and none appears), the Company could have avoided completing its contract. At all events it has a legal right to stand on its mortgage.
Another question is pressed by counsel for plaintiffs in error. The record shows that the clerk did not enter the transcript upon a docket known exclusively as the execution docket, but upon a docket which was a sort of combination of appearance -and execution. Section 5377, Revised Statutes, makes it the duty of the clerk, upon the filing of a transcript from a justice’s docket, to enter the case on the execution docket,' etc., with proper indexes, etc., and the proposition is that the clerk having failed to perform this duty no lien could be acquired. The question is of importance, but as its determination *251 is not essential to a disposition of the present case, we express no opinion upon it.
The conclusion hereinbefore announced with respect to the effect of the proceeding before the justice finds support when we consider the purpose of our registry and recording laws. They are intended, among other things, to facilitate operations in real estate by affording to purchasers record evidence of titles and encumbrances. It is the duty, therefore, of one who desires to obtain a lien upon 'land to comply with reasonable fullness and accuracy with all the steps required of him by the statute, in order to afford notice of his claimed lien to all who may be interested in the property and themselves use reasonable diligence. This general subject is treated at some length in Bank v. Wallace, 45 Ohio St., 152, and in Coe v. Erb, 59 Ohio St., 259, and repetition is not needed here. In the case at bar it would have been entirely easy for the plaintiff before the justice to comply with the statute as to the real name of the party whose land he desired to subject to his claim, and as to service, and, having amended the bill by correcting the name, thus making proper parties, and then obtain judgment accordingly. It was not reasonable to expect that the judgment against Mrs. Wm. Rogers, even if it had been lawfully rendered, would be supposed by an abstractor of titles to create a lien upon the real estate of Lucy Rogers.
The judgment of the circuit court will be reversed and final judgment entered by this court for the in error. '

Reversed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.